The opinion of the court was delivered by
Bermudez, C. J.
The object of this suit is to recover a judgment-against Keenan & Slawson, as drawers of a mortgage note of §8100, with interest and attorney’s fees, and against Patrick Egan, as surety,, for same amount.
The plaintiffs also seek to have annulled certain conveyances of real estate made by Egan, with a view to place the same beyond the reach of his creditors, to several parties who were made defendants.
From a judgment in favor of plaintiffs, less a credit of $550, all the defendants, save Keenan & Slawson, have appealed.
The defence of Egan is, that he was induced by fraudulent representations, made by.one of the plaintiffs, to become surety on the note, and that, if he fail in establishing this, the note ought to have been credited so as to be reduced to $1175.26.
The other defendants were condemned on interrogatories on facts and articles which, remaining unanswered, were taken pro ooUfessis, but practically they do not defend themselves, their fate being linked with Egan’s.
There can be no doubt that Egan bound himself as surety on the note of $8100 sued on, but the conflicting proof adduced by him to show that he consented so to be, on fraudulent representations of one of the plaintiffs, was not deemed sufficient by the District Judge to relieve him.
In such cases the best proof should be a written instrument, and in default, evidence of equal import and efficacy, to say the least.
It may be that Egan was induced, as he says he was; but as he bound himself so must he remain, unless he shows unequivocally, that he never was so, under circumstances which bind the party seeking to hold him liable.
The only serious question in the case relates to the credit claimed by Egan.
The record shows that on June 14, 1884, Keenan & Slawson issued to the plaintiffs four notes, two for $3000 each, one for $4000, and another for $8100, payable at different dates and secured by mortgage *421 on ten certain improved lots of ground in New Orleans, the first three notes at the time, and the last note subsequently, endorsed by Patrick Egan as surety; the act of mortgage, dated June 14, 1884, being recorded in the mortgage office on June 16 following.
The two notes of $3000 each were subsequently paid.
In August, 1887, proceedings via exeeutiva were brought for the use of plaintiffs by Benedict on two notes of Keenan & Slawson, one for $3250 and another for $1390, claimed by him to be secured by mortgage on the same ten lots by act dated June 14, 1884, the same being recorded in the mortgage office three days later, i. e., on the 17th.
The lots were seized and sold, realizing $15,000, which were distributed as follows:
City and State taxes - - - - $ 2,388 55
A vendor’s note, in capital, interest, etc. - 1,170 55
Another like note - ------ 1,096 55
The notes sued on, $3250 and $1300 and interest - - 5,755 07
The $4000 held by plaintiffs was credited with the difference 4,589 29
$15,000 00
There is no dispute by Egan of the propriety of the payment of the taxes and of the vendor’s notes, amountingjtogether to $4655.65; but he contends that the balance of the price of adjudication, $10,344.35, ought not to have been distributed as it was. He insists that this amount should have been prorated between the two notes of $4000 and $8100 held by Reuseh & Oo., not a particle thereof to accrue to Benedict, as holder of the two notes of $3250 and $1390 sued on by him, for the reason that the mortgage by which these two notes were secured, was inferior in rank to that by which the other notes of $4000 and $8100 were secured; and that, had this been done, this last note would have been reduced by $6924.74.
In this he is undoubtedly correct. The act securing the Benedict notes was recorded on the 17th of June, 1884; while that securing the notes of Reuseh & Co., one for $4000 and another for $8100, was recorded on June 16, 1884, one day previously.
The proceeds of sale ought to have been applied to the payment of the mortgage claims, according to their respective rank, to be ascertained by the dates of registry.
Egan has a right to compel plaintiffs to properly credit the note sued on.
*422 Deducting, therefore, from the $8100 note sued on the amount with which it should have been credited, the balance due on it would be $1175.26 only.
It is therefore ordered and decreed that the judgment appealed from be amended by reducing it to eleven hundred and seventy-five dollars and twenty-sis cents ($1175.26), with interest as allowed, with 5 per cent, attorney’s fees thereon and costs, and that thus amended said judgment be affirmed at plaintiffs’ costs.